IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:04-CR-54(6) |
| | : | |
| v. | : | Judge Jones |
| | : | |
| RICHARD A. KIRBY | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

February 13, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 16, 2005, the Defendant, Richard A. Kirby ("Defendant" or "Kirby"), pled guilty to Count One of the Superceding Indictment, filed June 24, 2004, charging him with a violation of 21 U.S.C. § 846, knowing and intentional possession with the intent to distribute and distribution of controlled substances, to wit: in excess of 50 grams of cocaine base, also known as crack cocaine, and cocaine and marijuana.

Pending before the Court are two matters. First, Defendant has filed objections to Paragraph 28 of the Presentence Report ("PSR"), contending that the assessment for one (1) criminal history point for "institutional vandalism" and "possessing the instrument of a crime" is improper. Defendant has also filed

1

objections to Paragraph 29 of the PSR, contending that his juvenile detention at Summit Academy was not confinement and does not warrant the assessment of two (2) criminal history points. Both matters have been briefed by the parties and are therefore ripe for disposition.

### A.     Paragraph 28: Institutional Vandalism

Paragraph 28 of the PSR indicates that at age 14 the Defendant was adjudicated delinquent and given approximately two years probation for Institutional Vandalism and Possessing an Instrument of a Crime. According to the PSR, the Defendant wrote graffiti on the property of John Bartram High School. Defendant characterizes the incident as carving his name into a school desk with a paper clip. Defendant argues that an assessment of two (2) criminal history points for this offense is inappropriate. Defendant likens this offense to a "juvenile status offense," and argues that is should be excluded from criminal history assessment pursuant to U.S.S.G. § 4A1.2(c)(2).

Pursuant to U.S.S.G. § 4A1.2(c)(2), "juvenile status offenses and truancy" are never counted in the computation of criminal history points. The Third Circuit Court of Appeals has adopted the "elements test" to determine whether a Defendant's prior conviction is "similar" to an offense listed under § 4A1.2(c). See United States v. Elmore, 108 F.3d 23, 27 (3d Cir. 1997). Under the elements test, a

court assessing the similarity between a prior offense and an offense listed under § 4A1.2(c) "focuses only upon the elements of the offenses as statutorily defined." Id.  When comparing offenses, a court should look to the state statutory definition of the offense of prior conviction, but consider federal law in defining the listed offense under § 4A1.2(c).  See id. at 25.

Pursuant 18 Pa. Const. Stat. § 3307(a)(3) a person commits the offense of institutional vandalism if he "knowingly desecrates, vandalizes, defaces or otherwise damages any school, educational facility, community center, municipal building, courthouse facility, State or local government building or vehicle or juvenile detention center."  18 Pa. Const. Stat. § 907 characterizes possession of an instrument of crime with an intent to use it criminally as a misdemeanor.  Subsection (d) defines an instrument of crime to include "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

To date, the Court of Appeals for the Third Circuit has not announced its interpretation of the term "juvenile status offense," therefore we look to our sister circuits to define the term.  The Seventh Circuit has determined that "the obvious meaning [of juvenile status offense] is conduct that would be lawful for an adult and is unlawful solely for by virtue of the defendant's juvenile status," giving as

examples "the purchase of liquor or cigarettes." United States v. Ward, 71 F. 3d 262, 263 (7th Cir. 1995). The First Circuit has held that to be considered a juvenile status offense, three elements must "coalesce": 1) the defendant was a juvenile at the time of the offense; 2) "the conduct would have been lawful if engaged by an adult" and 3) "the offense is not serious." United States v. Correa, 114 F.3d 314, 318-19 (1st Cir. 1997). The Sixth Circuit has held that a juvenile status offense "must specifically relate to a defendant's age." United States v. Cole, 418 F. 3d 592, 599 (6th Cir. 2005).

We are loathe to depart from the logic of our sister circuits and therefore agree that a "juvenile status offense" involves conduct that would have been lawful if engaged by an adult. It is clear from the definitions of 18 Pa. Const. Stat. §§ 3307(a)(3) and 907 that neither offense is age-related. Therefore, neither intentional vandalism or possession of an instrument of crime are nor are "similar to" juvenile offenses, and thus both may be used in the calculation of criminal history points.

For the foregoing reasons, the Defendant's objection to Paragraph 28 of the PSR is overruled.

**B.**     **Paragraph 29:  Juvenile Placement Disposition**

Defendant objects to the two criminal history points awarded for his placement at the "Summit Academy" following a juvenile adjudication on the

grounds that Summit Academy was not a place of confinement.

Pursuant to U.S.S.G. § 4A1.2(d)(2)(A), two criminal history points may be assessed for a juvenile sentence of confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense.  The Defendant was placed at Summit Academy from January to November of 1999, and the commencement of the instant offenses occurred on or about January, 2001, which is clearly within five years of his release from confinement.

The Defendant has conceded that Summit Academy requires a court order for acceptance into the facility and that its residents are not permitted to leave the facility without permission.  It is apparent to the Court that although this facility lacks bars, cells and fencing, disposition to Summit Academy falls within the definition of "confinement" that United States Sentencing Commission contemplated when enacting U.S.S.G. § 4A1.2(d)(2)(A).  To rule otherwise would exclude most, if not all, types of juvenile confinement from the applicaiton of U.S.S.G. § 4A1.2(d)(2)(A). We cannot conceive that this is what the Sentencing Commission had in mind, and instead elect to view this issue through a prism of common sense.

For the foregoing reasons, the Defendant's objection to Paragraph 29 of the

PSR is also overruled.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Objections to the Pre-Sentence Report are OVERRULED in their entirety.

s/ John E. Jones III  
John E. Jones III  
U.S. District Judge